UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORACE CRUMP, #236528

                Plaintiff,                         Case No. 11-10409

v.                                        District Judge George Caram Steeh
                                        Magistrate Judge R. Steven Whalen

O.T. WINN, ET AL.,

                Defendants.

_____/

**REPORT AND RECOMMENDATION**

On February 1, 2011, Plaintiff Horace W. Crump, Jr., a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Before the Court is Defendant O.T. Winn's Motion for Summary Judgment [Doc. #11], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that Defendant Winn's Motion for Summary Judgment [Doc. #11] be GRANTED, and the complaint DISMISSED WITH PREJUDICE as to Defendant Winn.

**I.    FACTS**

In his complaint, the Plaintiff asserts three claims against Defendant Winn, a Deputy Warden at the Saginaw Correctional Facility. First, he alleges that he was made to serve detention in Administrative Segregation, with loss of privileges, based on a misconduct complaint that had been dismissed. Plaintiff was also denied access to his legal property during this time, and alleges that his security classification was increased. He claims that he complained to Winn, but Winn refused to remedy the situation, and told him that "if he continued to complain he would face additional charges." *Complaint*, ¶ 9.

Plaintiff alleges that this adverse action was taken in retaliation for his having written a letter to the Warden complaining about Assistant Resident Unit Supervisor Amy Best. *Id*. ¶¶ 4,9.

Second, Plaintiff claims that he was unable to send legal mail to his criminal appellate attorney, Neil Williston*,* and as a result was unable to have the attorney file his appeal. Instead, Plaintiff filed his own brief, and the appeal was denied. The Plaintiff suggests that the failure to send out his legal mail was also retaliatory, and that as a result, he was denied his First Amendment right to access the courts. He states that "[i]t was Winn's duty, as DW, administrative staff and a supervisor, to ensure that Crump's legal mail was properly handled." *Id*. ¶ 23.

Finally, Plaintiff claims that Winn changed the Muslim prayer time in such a way as to place a substantial burden on Plaintiff's free exercise of his religion, and that this was done in retaliation for having complained about his and other Muslim inmates' complaints during Ramadan. *Id*. ¶ 41. Specifically, Plaintiff states, "Winn, on October 15, 2009, after threatening to do so, changed the Muslim prayer time to a time he knew they could not pray at." *Id*. ¶ 40. Plaintiff states that "[t]he prayer time was immediately change[d] back...." *Id*. ¶ 42.

In his motion for summary judgment, Defendant Winn argues that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1997e(a), and that in any event, Plaintiff has failed to show Winn's personal involvement in the alleged constitutional violations. He also argues that he is entitled to qualified immunity.

## II.   STANDARD OF REVIEW

### A.   Rule 12(b)(6)

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted."  Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)."  In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief.  *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In two recent cases, the United States Supreme Court altered the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In In *Bell Atlantic Corp. V. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court,  construing the requirements of Fed.R.Civ.P. 8(a)(2),[1] held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true."  *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint

---

[1] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the

Court explained and expanded on what it termed the "two-pronged approach" of

*Twombley*.[2] First, it must be determined whether a complaint contains factual allegations,

as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing

*Twombley*, 550 U.S. at 555.  Second, the facts that are pled must show a "plausible" claim

for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as
> the Court of Appeals observed, be a context-specific task that requires the
> reviewing court to draw on its judicial experience and common sense.  But
> where the well-pleaded facts do not permit the court to infer more than the
> mere possibility of misconduct, the complaint has alleged–but it has not
> 'shown'–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal
> citations omitted).

### B.    Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." Fed. R.Civ.P. 56(c).  To prevail on a motion for summary

judgment, the non-moving party must show sufficient evidence to create a genuine issue

of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990).

Drawing all reasonable inferences in favor of the non-moving party, the Court must

determine "whether the evidence presents a sufficient disagreement to require submission

to a jury or whether it is so one-sided that one party must prevail as a matter of law."

---

[2] *Twombley* was an antitrust case.  *Iqbal* was a prisoner civil rights case.  In any
event, it is clear that the *Iqbal* standard is applicable to all 12(b)(6) motions.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

## III.   DISCUSSION

### A.   Retaliation / Security Classification

Attached to Defendant's motion are a number of grievance forms. Grievance SRF-2009-06-0769-28b, attached to Defendant's motion as Exhibit M, deals with Plaintiff's claim that his security classification was improperly increased. He does not name Defendant Winn until Step II of the three-step grievance process. Nevertheless, the Step

III grievance response at Defendant's Exhibit M shows that the appeal, which named

Winn, was considered and dismissed on the merits at Step III, not on the basis of

Plaintiff's failure to comply with the MDOC grievance procedure. This being the case,

the Court is not obliged to dismiss for failure to exhaust, but may decide this issue on the

merits. *Reed-Bey v. Pramstaller*, 603 F.3d 322 (6th Cir. 2010).

However, it does not matter whether Plaintiff did or did not properly exhaust any

of his claims, because they are subject to dismissal on the merits. In this regard, 42 U.S.C.

§ 1997(e)(c)(2) states:

> "In the event that a claim is, on its face, frivolous, malicious, fails to state a
> claim upon which relief can be granted, or seeks monetary relief from a
> defendant who is immune from such relief, the court may dismiss the
> underlying claim without first requiring the exhaustion of administrative
> remedies."

*See also, Casanova v. Dubois,* 289 F.3d 142 (1st Cir.2002); *Clark v. Caruso,* 2010 WL

746417, *10 (E.D. Mich.2010). I will therefore proceed to an analysis of the merits.

Plaintiff claims that he was made to serve detention in Administrative Segregation,

with loss of privileges, based on a misconduct complaint that had been dismissed, and

that when he complained, Winn refused to remedy the situation. However, an Exhibit

submitted with Plaintiff's own motion for judgment on the pleadings, Doc. #16, pp. 41-

42, shows that while a "threatening behavior" charge was dismissed, Plaintiff was found

guilty of a separate charge of disobeying a direct order. The Hearing Report, including the

Disposition, signed by Hearing Officer Szappan, indicates that based on this finding of

guilt, Plaintiff was given 10 days loss of privileges *and* 10 days of detention. *Id*. This fact

defeats Plaintiff's claim against Winn on at least three grounds.

First, Winn did not have personal involvement in the Plaintiff's detention in

Administrative Segregation. That was properly ordered by Officer Szappan following the

finding of guilt.  The plaintiff in a § 1983 case must clearly show that a named defendant was personally involved in the allegations underlying the Complaint. *Rizzo v. Goode*, 423 U.S. 362, 372, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Bellamy v. Bradley,* 729 F.2d 416 (6th Cir.  1984). Mere failure to act does not amount to personal involvement. *Shehee v. Lutrell*e 199 F.3d 295, 300 (6th Cir. 1999) (citing *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998). Moreover, being aware of an inmate's complaint and failing to take action does not create liability under § 1983. *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988).

Similarly, Plaintiff's claim of retaliation against Defendant Winn fails. In *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999), the Sixth Circuit held that a retaliation claim has three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two–that is, the adverse action was motivated at least in part by the plaintiff's protected conduct."  While being placed in Administrative Segregation may qualify as an adverse action, it was not imposed because Plaintiff filed a grievance against ARUS Amy Best. It was imposed by Officer Szappan (*not* by Defendant Winn) because Plaintiff was found guilty of a misconduct. Moreover, Winn had no duty to respond to Plaintiff's complaint about his properly imposed punishment. *Poe v. Haydon, supra*.

Finally, to the extent that Plaintiff's complaint can be construed to raise an independent due process claim regarding his placement in Administrative Segregation, the Supreme Court has held that a prisoner does not have a protected liberty interest in the procedures affecting his classification and security because the resulting restraint does not impose an "atypical and significant hardship on the inmate in relation to the ordinary

incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). *See also  Olim v. Wakinekona,* 461 U.S. 238, 245, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983) (prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification); *Cash v. Reno,* 1997 WL 809982, at *1–2 (6th Cir. 1997) (prisoner's allegation that he was placed in a security level higher than warranted based on the information contained in his prison file failed to state a due process claim because he had no constitutional right to be held in a particular prison or security classification).

## B.    Denial of Access to the Courts

This claim centers on Plaintiff's allegation that he was not permitted to send mail to his criminal appellate or post-conviction attorney or to access his legal materials. This claim fails for three reasons. First, the complaint states, at ¶ 23, "It was Winn's duty, as DW, administrative staff and a supervisor, to ensure that Crump's legal mail was properly handled." Again, this alleges nothing more than supervisory liability. In *Monell v. Department of Social Services.,* 436 U.S. 658, 692 (1978) the Supreme Court specifically held that in a §1983 action, liability cannot be based on a theory of *respondeat superior*, or mere supervisory liability.  *See also Poe v. Haydon, supra.*

Secondly, the Plaintiff has not shown actual prejudice to a non-frivolous or meritorious claim in his criminal case, a necessary element of a First Amendment right of access claim. *Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). An inmate fails to state a claim "without any showing of prejudice to his litigation."  *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Here, Plaintiff concedes that he was able to timely file his brief, and that his case was considered on the merits. He has not, however, shown that he would have been successful if his appeal had been filed by

an attorney rather than *pro se*. Indeed, he does not allege what claims he raised or whether they were non-frivolous.  He has completely "failed to show any prejudice to a potentially meritorious claim." *Heddleston v. Mack*, 283 F.3d 421 (Table),  2000 WL 1800576, *1 (6th Cir. 2000). Rather, his claim of prejudice is entirely speculative, and thus does not meet the pleading standard of *Iqbal, supra*.[3]

Finally, because there was no prejudice to his litigation and no First Amendment violation, Plaintiff has not shown an adverse action that would support a retaliation claim.

### C.    Free Exercise Claim / Retaliation

Plaintiff claims that Winn changed the Muslim Friday prayer time in such a way as to place a substantial burden on Plaintiff's free exercise of his religion. Prison inmates do retain the protections of the First Amendment Free Exercise Clause. *Pell v. Procunier,* 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974); *Cruz v. Beto,* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). However, that right is balanced against the State's right to maintain order, discipline and security in the prison setting. In *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349-350, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987), the Supreme Court described the test for achieving that balance:

> "In considering the appropriate balance of these factors, we have often said that evaluation of penological objectives is committed to the considered judgment of prison administrators, 'who are actually charged with and trained in the running of the particular institution under examination.' *Bell v. Wolfish, supra,* 441 U.S., at 562, 99 S.Ct., at 1886. See *Turner v. Safley, supra,* 482 U.S., at 86-87, 107 S.Ct., at 2260-2261. To ensure that courts afford appropriate deference to prison officials, we have determined that prison regulations alleged to infringe constitutional rights are judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights. See, *e.g., Jones v. North Carolina Prisoners' Labor Union, Inc., supra,* 433 U.S., at 128, 97 S.Ct., at 2539. We recently restated the proper standard: '[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is

---

[3] Plaintiff has not submitted an affidavit from the attorney.

reasonably related to legitimate penological interests.' *Turner v. Safley, supra,* 482 U.S., at 89, 107 S.Ct., at 2261. This approach ensures the ability of corrections officials 'to anticipate security problems and to adopt innovative solutions to the intractable problems of prison administration,' *ibid.,* and avoids unnecessary intrusion of the judiciary into problems particularly ill suited to 'resolution by decree.' *Procunier v. Martinez, supra,* 416 U.S., at 405, 94 S.Ct., at 1807-08. See also *Turner v. Safley, supra,* 482 U.S., at 89, 107 S.Ct., at ----; *Bell v. Wolfish, supra,* 441 U.S., at 548, 99 S.Ct., at 1879." (Footnotes omitted).

The Court also noted its disinclination to "substitute [the Court's] judgment on ... difficult and sensitive matters of institutional administration," *Block v. Rutherford,* 468 U.S. 576, 588, 104 S.Ct. 3227, 3233, 82 L.Ed.2d 438 (1984), for the determinations of those charged with the formidable task of running a prison." *Id.* at 353. I share that reluctance.

In the present case, Plaintiff alleges that Winn authorized a change in prayer time, but states that "[t]he prayer time was immediately change[d] back...." *Complaint*, ¶ 42. This is significant because while Defendant has not proffered a specific penological justification for the change, the institution reinstated the religiously required Friday prayer time, such that Plaintiff did not in fact suffer a "substantial burden" on the practice of his religion. And while Plaintiff alleges that he was deprived of Friday prayer time on two occassions, he does not allege that he was deprived of "*all* means of [religious] expression." *O'Lone*, 482 U.S. at 351, citing *Turner v. Safely*, 482 U.S. at 92. (Emphasis added).

The fact that the Plaintiff did not suffer a substantial burden on the practice of his religion also shows that he did not suffer an adverse action, a necessary element of his retaliation claim. *Thaddeus-X, supra*. His retaliation claim also fails because he has not shown, apart from his own speculation, that Winn changed the prayer time because Plaintiff and other inmates complained about something that occurred during Ramadan.

-10-

2:11-cv-10409-GCS-RSW Doc # 28 Filed 03/05/12 Pg 11 of 13 Pg ID 513

(Apparently Plaintiff had filed a grievance claiming that he was not allowed to use a microwave oven during Ramadan. *See* Defendant's Exhibit L).  In his declaration, appended to his response [Doc. #15], Plaintiff states at ¶ 2, "I, and the Muslim prisoners that grieved and complained about Ramadan and the Friday prayer time *felt* that the responses to our grievances and Winn's letter to us was threatening with charges of protesting, which can lead to administrative segregation." (Emphasis added). He further represents at ¶ 41 of his complaint, that concerning the Ramadan grievance, "Crump, therein, explained that '*I believe* DW Winn is attempting to instigate an occurrence to justify, e.g., keeping Standish...opened and retaliating against me and other Muslims for our complaints during Ramadan and my known plans to file a civil suit." (Emphasis added).[4]

The Plaintiff's "feelings" and "beliefs" are not sufficient to support a claim of retaliation. It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin–Bey v. Rutter,* 420 F.3d 571, 580 (6th Cir.2005); *Murphy v. Lane,* 833 F.2d 106, 108 (7th Cir.1987); *Vega v. DeRobertis,* 598 F.Supp. 501, 506 (C.D.Ill.1984), *aff'd,* 774 F.2d 1167 (7th Cir.1985). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy,* 833 F.2d at 108. "[C] onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state ... a claim under § 1983.' " *Harbin–Bey,* 420 F.3d at 580 (quoting *Gutierrez v. Lynch,* 826 F.2d 1534, 1538–39 (6th Cir.1987)); *see also Skinner v. Bolden,* 89 F. App'x 579, 579–80 (6th Cir.2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive); *see also Iqbal,* 129 S.Ct. at 1949

---

[4] It might also be inferred from this that Plaintiff was attempting to "set up" or bolster a retaliation claim against Winn by expressing this pre-litigation "belief."

-11-

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Plaintiff has shown absolutely nothing, beyond his own subjective belief and conjecture, that there is any relationship between his and other inmates' complaints about Ramadan and the very short-lived change in Friday prayer time. Because he has therefore failed the *Iqbal* test of pleading a plausible claim, the retaliation/First Amendment claim must be dismissed.

## IV.   CONCLUSION

For these reasons, I recommend that Defendant Winn's Motion for Summary Judgment [Doc. #11] be GRANTED, and the complaint DISMISSED WITH PREJUDICE as to Defendant Winn.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20)

pages in length unless by motion and order such page limit is extended by the court.  The

response shall address specifically, and in the same order raised, each issue contained within

the objections.


                                                    s/ R. Steven Whalen
                                                    R. STEVEN WHALEN
                                                    UNITED STATES MAGISTRATE JUDGE
Date: March 5, 2012


                              CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's
ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of
Electronic Filing on March 5, 2012.


  Horace Crump, #236528                      Johnetta M. Curry-Williams
  G. Robert Cotton Correctional Facility     Case Manager
  3500 N. Elm Road
  Jackson, MI 49201