UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORACE CRUMP, #236528

       Plaintiff,                                            Case No. 11-10409

v.                                                                      District Judge George Caram Steeh
                                                                       Magistrate Judge R. Steven Whalen

O.T. WINN, ET AL.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

On February 1, 2011, Plaintiff Horace W. Crump, Jr., a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Before the Court are Defendant Valerie Chaplin's Motion for Summary Judgment [Doc. #20], and Plaintiff's Motion for Judgment on the Pleadings [Doc. #16], which have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the Defendant's motion [Doc. #20] be GRANTED, and the complaint DISMISSED WITH PREJUDICE as to Defendant Chaplin. I further recommend that Plaintiff's Motion for Judgment on the Pleadings [Doc. #16] be DENIED.

**I.     FACTS**

Plaintiff's allegations against Defendant Chaplin are set forth at ¶¶ 26-31 of his complaint. He alleges that Chaplin, an Assistant Deputy Warden, "received and approved" a security screening completed by Corrections Officer Zummer. *Complaint*, ¶ 26. Plaintiff admits that after he complained, Chaplin re-screened him and reduced two points from his security score. Nevertheless, he remained classified as a Level IV (close

-1-

custody) prisoner. *Id.* ¶¶ 27-28. Plaintiff also claims that Chaplin "acted as reviewer for many of [his] grievances and repeatedly approved the denial and rejection of his grievable issues in retaliation for his grievances, allegations against her coworkers, etc." *Id.* ¶ 31.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(6)

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In two recent cases, the United States Supreme Court altered the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In In *Bell Atlantic Corp. V. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2),[1] held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions,

---

[1] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*.[2] First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown"–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

### B. Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990).

---

[2] *Twombley* was an antitrust case. *Iqbal* was a prisoner civil rights case. In any event, it is clear that the *Iqbal* standard is applicable to all 12(b)(6) motions.

Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III.   DISCUSSION

Defendant first argues that Plaintiff failed to exhaust his administrative remedies as to two of the three pertinent grievances before filing his complaint, as required by 42

U.S.C. § 1997e(a). However, it is not necessary to address the exhaustion argument, because the claims against Chaplin are subject to dismissal on the merits. In this regard, 42 U.S.C. § 1997(e)(c)(2) states:

> "In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."

*See also, Casanova v. Dubois,* 289 F.3d 142 (1st Cir.2002); *Clark v. Caruso,* 2010 WL 746417, *10 (E.D. Mich.2010).

Plaintiff alleges that all of Chaplin's actions, including his security classification and her handling of his grievances, were in retaliation for his filing grievances. This retaliation claim, however, fails to meet the *Iqbal* pleading standard.

In *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999), the Sixth Circuit held that a retaliation claim has three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two–that is, the adverse action was motivated at least in part by the plaintiff's protected conduct."

Whether or not Plaintiff has met the first two prongs of *Thaddeus-X*, he has pled no facts whatsoever to suggest that Chaplin's actions were causally related to his filing grievances. His retaliation claim is premised on nothing more than subjective belief and speculation. It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin–Bey v. Rutter,* 420 F.3d 571, 580 (6th Cir.2005); *Murphy v. Lane,* 833 F.2d 106, 108 (7th Cir.1987); *Vega v. DeRobertis,* 598 F.Supp. 501, 506 (C.D.Ill.1984), *aff'd,* 774 F.2d 1167 (7th Cir.1985). "[A]lleging

merely the ultimate fact of retaliation is insufficient." *Murphy,* 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state ... a claim under § 1983.' " *Harbin–Bey,* 420 F.3d at 580 (quoting *Gutierrez v. Lynch,* 826 F.2d 1534, 1538–39 (6th Cir.1987)); *see also Skinner v. Bolden,* 89 F. App'x 579, 579–80 (6th Cir.2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive); *see also Iqbal,* 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

To the extent that Plaintiff raises a stand-alone due process claim based on his allegedly enhanced security classification, that claim must also be rejected. The Supreme Court has held that a prisoner does not have a protected liberty interest in the procedures affecting his classification and security because the resulting restraint does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). *See also Olim v. Wakinekona,* 461 U.S. 238, 245, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983) (prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification); *Cash v. Reno,* 1997 WL 809982, at *1–2 (6th Cir. 1997) (prisoner's allegation that he was placed in a security level higher than warranted based on the information contained in his prison file failed to state a due process claim because he had no constitutional right to be held in a particular prison or security classification).

Finally, the fact that Chaplin reviewed Plaintiff's grievances is insufficient to show her personal involvement in any underlying claim. A defendant's personal involvement in unconstitutional activity is an essential element of a §1983 claim. *Copeland v. Machulis*,

57 F.3d 476, 481 (6th Cir. 1995). In addition, merely denying or responding to an administrative grievance is insufficient to support §1983 liability. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Therefore, Defendant Chaplin's motion should be granted.

It follows, then, for these reasons and the reasons set forth in my separate R&R recommending dismissal of Defendant Winn, that Plaintiff's Motion for Judgment on the Pleadings [Doc. #16] should be denied.

## IV. CONCLUSION

For these reasons, I recommend that Defendant Chaplin's motion for summary judgment [Doc. #20] be GRANTED, and the complaint DISMISSED WITH PREJUDICE as to Defendant Chaplin. I further recommend that Plaintiff's Motion for Judgment on the Pleadings [Doc. #16] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20)

pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                     s/ R. Steven Whalen
                                     R. STEVEN WHALEN
                                     UNITED STATES MAGISTRATE JUDGE

Date: March 5, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on March 5, 2012.

Horace Crump, #236528                Johnetta M. Curry-Williams
G. Robert Cotton Correctional Facility    Case Manager
3500 N. Elm Road
Jackson, MI 49201