UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORACE CRUMP, #236528,

    Plaintiff,

                                            Case No. 11-CV-10409
v.                                        HON. GEORGE CARAM STEEH

O.T. WINN, et al.,

    Defendants.

_____/

ORDER ACCEPTING MARCH 5, 2012 REPORT AND RECOMMENDATION (#28)
AND GRANTING DEFENDANT WINN'S MOTION FOR SUMMARY JUDGMENT (#11)

On February 1, 2011, plaintiff filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The matter was referred to Magistrate Judge Whalen for all pre-trial proceedings. On May 9, 2011, defendant Winn filed a motion for summary judgment. The matter was referred to Magistrate Judge Whalen, who issued a report and recommendation on March 5, 2012, recommending defendant Winn's motion for summary judgment be granted. On March 21, 2012, plaintiff filed objections to the report and recommendation.

First, plaintiff objects to Magistrate Judge Whalen's statement that Hearing Officer Szappan ordered 10 days loss of privileges and 10 days of detention. Plaintiff states that the 10 days of detention was dismissed by Szappan and he was given loss of privileges. However, the misconduct hearing report attached to plaintiff's motion for judgment on the pleadings/summary judgment motion shows, under "disposition", that Szappan gave plaintiff 10 days of detention and 10 days loss of privileges. Plaintiff references a computer

screenshot showing the three charges, the two guilty findings, and the one dismissal. The three charges and the two findings of guilty and one finding of dismissal match up with the hearing report. However, on the screenshot, it appears that the sanctions imposed do not line up correctly with charges. The sanction for the guilty finding on charge "026" is blank while a sanction is listed for the finding of dismissal. Plaintiff appears to argue that this shows that the 10 days of detention was dismissed. However, plaintiff fails to explain the significance of the information contained in the screenshot, including how the information is inputted and who inputted the information. Moreover, the information on the screenshot is unclear while the official misconduct hearing report is clear, signed by Szappan, and shows that Szappan imposed both loss of privileges and detention. Plaintiff has failed to create a genuine issue of fact or to show any involvement by defendant Winn in changing the sanction imposed by Hearing Officer Szappan.

Second, plaintiff claims his retaliation should proceed. However, as set forth above, Hearing Officer Szappan ordered the detention, not defendant Winn, and therefore the detention cannot constitute an action taken by defendant Winn in retaliation for plaintiff's grievance as alleged by plaintiff.

Third, plaintiff objects to Magistrate Judge Whalen's dismissal of his denial of access to the courts claim. Plaintiff claims it "would be impossible" to show that he would have been successful if his appeal had been filed by an attorney. However, as set forth by Magistrate Judge Whalen, an inmate fails to state a claim for denial of access to the courts "without any showing of prejudice to his litigation." Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996). Here, plaintiff was able to timely file his brief and his case was considered on the merits. Plaintiff has failed to make any showing of actual prejudice to his litigation as

required for a right of access claim.

Finally, Magistrate Judge Whalen found that plaintiff has not shown an adverse action that would support a retaliation claim. In his objections, plaintiff quotes language from a few cases regarding retaliatory motive and adverse actions. However, plaintiff fails to explain how he has met the requirements of a First Amendment retaliation claim in this case. Specifically, plaintiff does not identify an adverse action or establish facts showing a retaliatory motive.

Accordingly,

The court hereby adopts Magistrate Judge Whalen's March 5, 2012 report and recommendation and grants defendant Winn's motion for summary judgment. The claims against defendant Winn are DISMISSED.

SO ORDERED.

Dated: March 27, 2012

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record by electronic and/or ordinary mail and also to Horace Crump, #236528, at G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201.

s/Josephine Chaffee
Deputy Clerk