UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORACE CRUMP, #236528,

        Plaintiff,

                                            Case No. 11-CV-10409
v.                                        HON. GEORGE CARAM STEEH

O.T. WINN, et al.,

        Defendants.
_____/

ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION, TIME TO TAKE DISCOVERY, TO ALTER OR AMEND THE JUDGMENT, AND/OR RELIEF FROM JUDGMENT (#34) AND DENYING PLAINTIFF'S MOTION TO SUBMIT WRITTEN DEPOSITION QUESTIONS (#35)

On February 1, 2011, plaintiff filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The matter was referred to Magistrate Judge Whalen for all pre-trial proceedings. Magistrate Judge Whalen issued report and recommendations on the dispositive motions filed in the case and this court adopted those reports and recommendations on March 27, 2012 and dismissed the case. Plaintiff filed a motion (#34) for reconsideration, time to take discovery, to alter or amend the judgment, and/or for relief from judgment challenging the court's adoption of those report and recommendations. The same day, plaintiff filed a motion for leave to submit written deposition questions to Hearing Officer Michael J. Szappan. For the reasons that follow, plaintiff's motion for reconsideration, time to take discovery, to alter or amend the judgment, and/or for relief from judgment (#34) is GRANTED in part and DENIED in part. Plaintiff's motion for leave to submit written deposition questions (#35) is DENIED.

-1-

In his motion for reconsideration, time to take discovery, to alter or amend the judgment, and/or for relief from judgment, plaintiff requests a copy of a report and recommendation and an opportunity to respond. On June 10, 2011, plaintiff filed a motion for judgment on the pleadings. On July 29, 2011, defendant Chaplin filed a motion for summary judgment. On March 5, 2012, Magistrate Judge Whalen issued a report and recommendation in which he recommended defendant Chaplin's motion for summary judgment be granted and plaintiff's motion for judgment on the pleadings be denied. After the objection deadline passed and no objections were filed, the court issued an order on March 27, 2012 adopting Magistrate Judge Whalen's March 5, 2012 report and recommendation, granting defendant Chaplin's motion for summary judgment, and denying plaintiff's motion for judgment on the pleadings. Plaintiff asserts he never received the report and recommendation. The court will forward a copy of the March 5, 2012 report and recommendation to plaintiff along with this order. Plaintiff's motion is GRANTED to this extent. However, the report and recommendation was reviewed before the court issued an order adopting it and the court finds the report and recommendation thorough and appropriate.

The rest of the arguments made in plaintiff's motion were asserted through objections to Magistrate Judge Whalen's report and recommendation on defendant Winn's motion for summary judgment. The court addressed those arguments in its March 27, 2012 order. Accordingly, the remainder of plaintiff's motion is DENIED.

In his motion for leave to depose Hearing Officer Michael J. Szappan, plaintiff asserts that the defendants' arguments, Magistrate Judge Whalen's report and recommendation, and this court's order conflict with Szappan's disciplinary decision. He

claims Szappan did not order detention and loss of privileges. He claims that defendant Winn changed the sanction ordered by Szappan. He therefore asks that he be allowed to submit written deposition questions to Szappan.

This court, in adopting the report and recommendation, noted that the misconduct hearing report attached to plaintiff's motion for judgment on the pleadings (Dkt. #16, pages 41-42) shows that Szappan gave plaintiff 10 days of detention and 10 days loss of privileges. Plaintiff argues Szappan did not order 10 days of detention and that the dismissal of the charge providing for detention is shown by a computer screenshot. As noted in this court's March 27, 2012 order, plaintiff fails to explain the significance of the information contained in the screenshot, including how the information is inputted and who inputted the information. The court noted that while the screenshot was unclear, the official misconduct report is clear, signed by Szappan, and shows that Szappan imposed both loss of privileges and detention. The court therefore found plaintiff failed to show a genuine issue of material fact. If plaintiff needed additional discovery to show a genuine issue of material fact on this issue, he should have sought discovery earlier in this case. In fact, plaintiff himself filed a motion for judgment on the pleadings/motion for summary judgment. He could have sought the discovery he now seeks earlier in the case and did not. Accordingly, plaintiff's motion for leave to submit written deposition questions is DENIED.

For the reasons set forth above, plaintiff's motion (#34) for reconsideration, time to take discovery, to alter or amend the judgment, and/or for relief from judgment is GRANTED in part and DENIED in part. The court will mail plaintiff a copy of Magistrate Judge Whalen's report and recommendation in which he recommended defendant Chaplin's motion for summary judgment be granted and plaintiff's motion for judgment on

the pleadings be denied.  The remainder of the motion is DENIED.  Plaintiff's motion for leave to submit written deposition questions (#35) is DENIED.

    SO ORDERED.

Dated:  March 25, 2013

                                s/George Caram Steeh
                                GEORGE CARAM STEEH
                                UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record by electronic and/or ordinary mail.  A copy of this Order and a copy of the March 5, 2012 Report and Recommendation were mailed to Horace Crump, #236528, at Gus Harrison Correctional Facility, 2727 E. Beecher Street, Adrian, MI 49221.

s/Barbara Radke
Deputy Clerk